UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT B. WILLIAMS,

    Plaintiff,

v.

Case No. 18-cv-11060
Hon. Matthew F. Leitman

THOMAS O. WINN AND TIA CLARK,

    Defendants.

_____/

**OPINION AND ORDER (1) OVERRULING PLAINTIFF'S OBJECTIONS (ECF #19) TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (ECF #18), (2) ADOPTING THE REPORT AND RECOMMENDATION (ECF #18), AND (3) DENYING IN PART AND GRANTING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF #14)**

Plaintiff Robert B. Williams is a state prisoner currently confined at the Oaks Correctional Facility in Manistee, Michigan. Williams, proceeding pro se, brings this action under 42 U.S.C. §1983 against Defendants Thomas O. Winn and Tia Clark, two Michigan Department of Corrections (MDOC) employees. Williams alleges that Defendants violated his rights under the First Amendment, the Equal Protection Clause, and the Due Process Clause when he was confined at the Saginaw Regional Facility in Freeland, Michigan. (Compl., ECF #1.)

On August 15, 2018, Defendants filed a motion to dismiss or for summary judgment. (Mot., ECF #14.) Subsequently, on February 27, 2019, the assigned

1

Magistrate Judge issued a thorough and well-reasoned Report and Recommendation (the "R&R") in which she recommend that the Court: (1) deny Defendants' motion for summary judgment as to Williams' failure to exhaust administrative remedies; (2) deny Defendants' motion to dismiss Williams' Equal Protection claim; and (3) grant Defendants' motion to dismiss Williams' Due Process and First Amendment retaliation claims. (R&R, ECF #18.)

On March 24, 2019, Williams filed objections to the R&R (the "Objections). (*See* ECF #19.) The Defendants did not file any objections.

The Court has conducted a *de novo* review of the portions of the R&R to which Williams has objected. For the reasons stated below, the Court **OVERRULES** the Objections, **ADOPTS** the recommended disposition of the R&R, and **DENIES in part and GRANTS in part** Defendants' motion to dismiss or for summary judgment.

# I[1]

## A

Williams' civil rights claims arise out of his attempts to participate in the Saginaw Correctional Facility's Paws for a Cause dog program (the "Dog Program"). (*See* Compl., ECF #1.) Williams alleges that Defendants wrongly denied

---

[1] The Court recites only the facts relevant to the Objections. A full description of the facts is available in the R&R.

him the chance to participate in the Dog Program and that Defendants retaliated against him when he complained about his exclusion from the program.

Williams asserts three claims against the Defendants. First, he alleges that Defendants violated the Equal Protection Clause when they applied the eligibility criteria for the Dog Program in a racially discriminatory manner. (*Id.* at ¶¶11-18, 38, ECF #1 at Pg. ID 7-8, 13.) Second, he alleges that Defendants violated his due process rights when they "fail[ed] to follow their own rules" concerning admission to the Dog Program and when they denied him admission to the Dog Program. (*Id.* at ¶40, ECF #1 at Pg. ID 13.) Finally, Williams alleges that Defendants retaliated against him in violation of the First Amendment when he raised complaints about the administration of the Dog Program. The alleged retaliation consisted of the following purported adverse actions: (1) "permanently denying [Williams] an opportunity to participate in the [Dog Program]"; (2) changing the criteria of the Dog Program and applying the new version to Williams; and (3) blocking Williams' email from the MOTORCITY Account. (*Id.* at ¶42, ECF #1 at Pg. ID 13.)

**B**

Two aspects of the R & R are relevant to Williams' Objections. First, the Magistrate Judge recommended that the Court grant the Defendants' motion to dismiss Williams' due process claim because Williams lacked a protected liberty interest in participating in the Dog Program. (R&R, ECF #18 at Pg. ID 269-71.)

3

Second, the Magistrate Judge recommended that the Court grant the Defendants' motion to dismiss Williams' First Amendment retaliation claim because Williams failed to identify a cognizable adverse action. (*Id.* at Pg. ID 271-75.)

**II**

Where a party objects to a portion of a Magistrate Judge's R&R, the Court reviews that portion *de novo*. *See* Fed. R. Civ. P. 72(b)(3); *Lyons v. Comm'r of Soc. Sec.*, 351 F. Supp. 2d 659, 661 (E.D. Mich. 2004). The Court has no duty to conduct an independent review of the portions of the R&R to which a party has not objected. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

**III**

Williams makes three objections. (ECF #19.) The Court will address each argument in turn below.

**A**

In Williams' first objection, he argues that the Magistrate Judge erred in recommending that the Court dismiss his due process claim on the ground that he had no cognizable liberty interest in participating in the Dog Program. (*See* Objs., ECF #19 at Pg. ID 280.) He argues that he "has made it very clear, though out this entire process, and again has never asserted that he has a right to participate in any dog program." (*Id.*) He asserts that his due process rights were nonetheless violated because Defendants did not follow the proper administrative procedures when they

4

denied him access to the Dog Program and when they processed his related grievances. (*Id.*)

This objection is **OVERRULED**. In order to plead a viable due process claim, a plaintiff must identify a protected "liberty or property interest which has been interfered with by the State." *Liberte Capital Grp., LLC v. Capwill*, 421 F.3d 377, 383 (6th Cir. 2005) (quoting *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989)). Williams has not cited any authority that supports the proposition that he may assert a due process claim without identifying a protected liberty or property interest. Accordingly, the Court agrees with the Magistrate Judge that Williams has failed to state a viable due process claim.

**B**

Williams' second objection is that the Magistrate Judge erred when she concluded that his First Amendment retaliation claim was deficient because he failed to identify a cognizable adverse action. (Objs., ECF #19 at Pg. ID 281.) This objection is **OVERRULED** because Williams has failed to show that any of his three alleged adverse actions were sufficient to support his First Amendment retaliation claim.

Williams identified his permanent exclusion from the Dog Program as the first adverse action allegedly taken against him. The Magistrate Judge determined that the permanent exclusion could not serve as an adverse action supporting Williams'

First Amendment retaliation claim because, according to Williams' own timeline, it occurred *before* Williams engaged in the alleged protected conduct – i.e., before Williams wrote his letter of complaint to prison officials. The Magistrate Judge explained that Defendant Clark permanently excluded from the Dog Program on August 26, 2017, and that Williams did not write his letter of complaint until September 8, 2017. (R&R, ECF #18 at Pg. ID 273.)

Williams now contends that he was not permanently excluded from the program by Defendant Clark on August 26, 2017. He argues that Defendant Clark could not have excluded him because she "is not the ultimate decision maker" within the facility, and he contends that Defendant Winn had the sole authority to make the "ultimate decision" to exclude him. (Objs., ECF #19 at Pg. ID 281.) He says that Winn made the final decision to permanently exclude him from the program after he wrote his letter of complaint. (*See id*.) But Williams alleges in his Complaint that "*Clark* permanently denied [him] an opportunity to participate" in the Dog Program. (Compl., ECF #1 at ¶2, Pg. ID 6; emphasis added.) Williams also alleges that Clark told him that she "made the decision to permanently deny" him the opportunity to participate in the Dog Program. (Id. at ¶32, Pg. ID 11.) Given his own allegations, Williams has no basis to object to the Magistrate Judge's conclusion that Clark made the decision to permanently bar him from participating in the Dog Program on August 26, 2017. Moreover, Plaintiff cannot save his retaliation claim by arguing

6

that Defendant Winn later ratified Clark's decision to permanently bar him from participating in the program. Winn's later alleged ratification does not change the fact that, as Williams himself alleges, he was excluded from the Dog Program by Clark before he sent his letter of complaint. For all of these reasons, Williams has failed to show that the Magistrate Judge erred when she concluded that the first alleged adverse action of exclusion from the program preceded Williams' alleged protected conduct.

Williams identified the second alleged adverse action as a change in the criteria for participation in the Dog Program. The Magistrate Judge concluded that this change was not a sufficient adverse action because Williams failed to "explain how changing the criteria for the dog program adversely affected him." (R&R, ECF #18 at Pg. ID 274.) In his Objections, Williams reiterates his argument that the "conscious decision to change the criteria was in retaliation to Mr. Williams' complaint's [sic]." (Objs., ECF #19 at Pg. ID 282.) But Williams again fails to explain how the changed criteria adversely affected him. Accordingly, he has not shown any error by the Magistrate Judge.

Finally, Williams alleges that the third adverse action was the blocking of a message on his JPay email account. The Magistrate Judge determined that the alleged blocking was not a sufficient adverse action to support a claim against the Defendants here because Williams did "not allege that either defendant was involved

in blocking the message." (R&R, ECF #18 at Pg. ID 274.) Williams complains that the Magistrate Judge erred, but he does not suggest nor present any evidence that the Defendants personally played any role in the alleged blocking of the message in question. Thus, he has not shown that the Magistrate Judge erred in concluding that the alleged blocking could not support a First Amendment retaliation claim against the Defendants.

## C

Williams third objection is that the "[M]agistrate erred in her conclusion that the defendant's [sic] are entitled to qualified immunity." (Objs., ECF #19 at Pg. ID 282.) However, in his objection, Williams includes no new arguments or information, but rather, simply restates his conclusory allegations that the Magistrate Judge found insufficient. Therefore, Williams' third objection is **OVERRULED**.

## IV

For the reasons stated above, **IT IS HEREBY ORDERED** that:

- Williams' Objections to the R&R (ECF #19) are **OVERRULED**;

- The R&R (ECF #18) is **ADOPTED** as the Opinion of the Court;

- Defendants' motion is **DENIED** to the extent it seeks judgment and/or dismissal based upon Williams' alleged failure to exhaust of administrative remedies;

- Defendants' motion is **DENIED** to the extent it seeks judgment and/or dismissal of Williams' Equal Protection claim; and

- Defendants' motion to dismiss (ECF #14) is **GRANTED** to the extent it seeks dismissal of Williams' Due Process and First Amendment retaliation claims.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: March 29, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 29, 2019, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764