UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT B. WILLIAMS,

    Plaintiff,

v.

THOMAS O. WINN AND TIA CLARK,

    Defendants.

Case No. 18-cv-11060
Hon. Matthew F. Leitman

_____/

**ORDER (1) OVERRULING DEFENDANTS' OBJECTIONS (ECF No. 81) TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (ECF No. 80), (2) ADOPTING RECOMMENDED DISPOSITION OF REPORT AND RECOMMENDATION, (3) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF No. 49), (4) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF No. 50), AND (5) DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (ECF No. 78)**

Plaintiff Robert B. Williams is an African American state prisoner in the custody of the Michigan Department of Corrections (the "MDOC"). In this *pro se* civil-rights action, Williams alleges that two MDOC employees – Defendants Thomas O. Winn and Tia Clark – violated his rights under the First Amendment, the Equal Protection Clause, and the Due Process Clause when they, among other things, denied him the ability to participate in the Saginaw Correctional Facility's Paws for a Cause dog training program (the "Dog Program"). (*See* Compl., ECF No. 1.) The Court previously dismissed Williams' claims under the First Amendment and Due

1

Process Clause. (*See* Order, ECF No. 22.)  Thus, Williams' only remaining claim is that Defendants violated his rights under the Equal Protection Clause when they prohibited him from participating in the Dog Program while allowing other, similarly situated white inmates access to the program. (*See id.*)  More specifically, he says that when he applied to participate in the Dog Program, one of the requirements for participation was that an inmate "[m]ust not be serving [time] for [Criminal Sexual Conduct], Animal Cruelty, Torture, Domestic Violence, Stalking, or Kidnapping" (*id.*, PageID.53), and he contends that Defendants prohibited him from participating because of a domestic violence offense while allowing other white prisoners who were convicted of disqualifying crimes into the program.

Three motions are currently pending before the Court: (1) Defendants' motion for summary judgment (ECF No. 49), (2) Williams' motion for summary judgment (ECF No. 50), and (3) Williams' motion for a default judgment (ECF No. 78).  On July 30, 2020, the assigned Magistrate Judge issued a report and recommendation in which she recommended that the Court grant in part and deny in part Defendants' motion and deny Williams' two motions (the "R&R"). (*See* R&R, ECF No. 80.)

Defendants have now filed timely objections to the R&R (the "Objections"). (*See* Objections, ECF No. 81.)  For the reasons explained below, the Objections are **OVERRULED**.

# I

Where a party objects to a portion of a Magistrate Judge's report and recommendation, the Court reviews that portion *de novo*. *See* Fed. R. Civ. P. 72(b)(3); *Lyons v. Comm'r of Soc. Sec.*, 351 F. Supp. 2d 659, 661 (E.D. Mich. 2004). The Court has no duty to conduct an independent review of the portions of a report and recommendation to which a party has not objected. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985). In addition, the failure to raise objections waives any further right to appeal. *See Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

Here, Williams has not filed objections to the Magistrate Judge's recommendation that the Court deny his motions for summary judgement (ECF No. 49) and motion for default judgment (ECF No. 78). Accordingly, the Court will **ADOPT** the Magistrate's recommended disposition of those motions and **DENY** them. In addition, Williams has not objected to the Magistrate Judge's recommendation that the Court grant Defendants' summary judgment motion with respect to his claims brought against Defendants in their official capacities. (*See* R&R, ECF No. 80, PageID.1084-1085.) The Court therefore **GRANTS** Defendants' motion for summary judgment with respect to those claims.

Likewise, Defendants have not objected to the Magistrate Judge's conclusion that they are not entitled to qualified immunity. (*See id.*, PageID.1084.)  The Court will therefore not review that portion of the R&R.

## II

Defendants have raised three specific objections to the R&R.  The Court has carefully reviewed the objections and concludes that they are without merit.  The Court addresses each objection in turn below.

### A

In Defendants' first objection, they argue that Defendant Winn is entitled to dismissal of Williams' equal protection claim pursuant to 42 U.S.C. § 1997e(c)(1). (*See* Objections, ECF No. 81, PageID.1090-1091.)  That statute provides that "[t]he court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c)(1).  Defendants assert that Winn is entitled to dismissal under this provision because "Williams [has] failed to allege sufficient personal involvement of Defendant Winn" in the decision to bar Williams from the Dog Program. (Objections, ECF No. 81, PageID.1090.)  Defendants

4

therefore insist that Williams "failed to allege sufficient facts" to maintain his claim against Winn. (*Id.*, PageID.1091.)  The Court disagrees.

Williams has both alleged and presented evidence that Winn had personal involvement in the decision to prohibit Williams from participating in the Dog Program.  For example, in Williams' Complaint, he alleges that Winn was the "ultimate decision maker" with respect to Williams' application to participate in the Dog Program. (Compl. at ¶10, ECF No. 1, PageID.7.)  More importantly, Williams reinforces that allegation by later alleging that he was told by Clark that "the ultimate decision" to deny his application "was made way above [her] pay grade by the Warden" – *i.e.*, by Winn. (*Id.* at ¶33, PageID.12.)  Finally, Williams submitted an affidavit in response to Defendants' summary judgment motion in which he averred that "Clark did tell me that the ultimate decision to deny my application was made way above her pay grade, by the Warden." (Williams Aff. at ¶11, ECF No. 64, PageID.950.)

Defendants may ultimately persuade a jury that Winn had no direct involvement in the decision to bar Williams from the Dog Program.  But at this stage, the Court is not persuaded that Williams "failed to allege sufficient facts" that could establish Winn's personal involvement. (Objections, ECF No. 81, PageID.1091.) Defendants' first objection is therefore **OVERRULED**.

5

**B**

In Defendants' second objection, they assert that Williams "cannot meet his burden" to show that he was qualified to participate in the Dog Program. (Objections, ECF No. 81, PageID.1092.) Defendants' argument is that one of the qualifications for participation in the Dog Program was that a prisoner could not have been convicted of a crime of domestic violence, and Williams did not meet that qualification because he "beat[] his girlfriend to death with a hammer." (*Id.*)

Defendants' argument misses the thrust of Williams' claim. Williams' theory in this case is that even if Defendants *purport* to have had certain qualifications for participation in the Dog Program, Defendants did not consistently enforce those qualifications. In other words, Williams claims that at least some of the qualifications were illusory, and he has presented evidence that could establish that Defendants allowed some prisoners into the Dog Program despite not meeting all of the purported qualifications. Thus, on this record, there is a question of fact as to what were the actual qualifications for participation in the Dog Program, which qualifications Defendants enforced, and whether Williams did or did not meet the qualifications. For all of these reasons, Defendants are not entitled to summary judgment on the basis that Williams failed to show that he was qualified to participate in the Dog Program. Defendants' second objection is therefore **OVERRULED**.

## C

Finally, in Defendants' third objection, Defendants argue that Williams has failed to "create[] a question of fact as to whether he was treated differently from similarly situated white prisoners." (Objections, ECF No. 81, PageID.1092.) Defendants say that Williams is not similarly situated to the white prisoners he has identified because he did not have his admission into the Dog Program decided by the "same decision maker" as those identified prisoners. (*Id.*) More specifically, Defendants assert that Williams' claim is that "Clark denied his application" while he says that the other prisoners "were allowed into the program by Winn." (*Id.*, PageID.1093.) And Defendants insist that Williams "did not allege that Winn denied his application." (*Id.*)

But as the Court has explained above, Williams *has* sufficiently alleged and provided evidence that Winn was involved in the denial of his application. And if a jury concludes that Winn had personal involvement in deciding the applications of both Williams and the other identified inmates, then Williams and those inmates would have "dealt with the same decision maker." (*Id.*, PageID.1092.) Defendants' third objection is therefore **OVERRULED**.

## III

For all of the reasons explained above, **IT IS HEREBY ORDERED** that:

- Defendants' Objections (ECF No. 81) to the R&R are **OVERRULED**;

- Defendants' motion for summary judgment (ECF No. 49) is **GRANTED** with respect to Williams' official-capacity claims and **DENIED** with respect to Williams' equal protection claim;

- Williams' motion for summary judgment (ECF No. 50) is **DENIED**; and

- Williams motion for a default judgment (ECF No. 78) is **DENIED**.

The only claim that remains in this case for trial is Williams' claim that Defendants violated the Equal Protection Clause when they excluded him from the Dog Program.

**IT IS SO ORDERED**.

                                            s/Matthew F. Leitman
                                            MATTHEW F. LEITMAN
                                            UNITED STATES DISTRICT JUDGE

Dated:  January 20, 2021

…
…
<-->
…

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 20, 2021, by electronic means and/or ordinary mail.

s/Holly A. Monda  
Case Manager  
(810) 341-9764